FERNANDO SIERRA BERDECÍA, SECRETARY OF LABOR, Petitioner and Appellant, *v.* RAFAEL VÉLEZ, Defendant and Appellee.

No. 54. Decided November 23, 1962.

---

*Manuel Janer Mendía* and *Ismael Cardona* for petitioner and appellant. Appellee did not appear.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

MR. JUSTICE RAMÍREZ BAGES delivered the opinion of the Court.

On December 10, 1958 the Secretary of Labor, petitioner herein, filed a complaint in representation and on behalf of Luis Fraticelli Negroni, against Rafael Vélez, in the District Court, Yauco Part, under Act No. 96 of June 26, 1956, 29 L.P.R.A. § 245 *et seq.*, of Act No. 379 of May 15, 1948, 29 L.P.R.A. §§ 271–288, and of Mandatory Decrees No. 8 and No. 42, 29 R.&R.P.R. §§ 245n-131 to 141 and 245n-641 to 645, and relying on the proceedings established by Act No. 10 of November 14, 1917, 32 L.P.R.A. § 3101 *et seq.* He alleged that the complainant was a cleanup man in defendant's grocery from January 1, 1951 until August 15, 1957, earning a weekly wage of $5. It was further alleged that the petitioner had accrued vacation which he had not taken and for which he had received no pay, defendant owing him on such account the sum of $763.64. In addition complainant

claimed $156.43 for the difference in wages for the period between August 15, 1955 and August 15, 1957. The defendant answered the complaint alleging essentially that Fraticelli had never been his employee but that he was an occasional employee of the type known as "chiripero" who engage himself in doing the cleaning of several commercial premises in the place La Trocha of Yauco.

The District Court rendered judgment in favor of the complainant on November 3, 1959 after hearing the oral evidence offered by both parties. It granted him the sum of $920.07 ($763.64 for vacation and $156.43 for the difference in wages) plus an equal amount by way of penalty, making a grand total of $1,840.14.

Defendant appealed from the judgment to the Superior Court, Ponce Part and on May 16, 1960 the latter affirmed said judgment. Thereafter this judgment was set aside because appellant therein had requested a hearing and it had not been granted. The hearing on appeal was held on July 22, 1960 before another judge and on this occasion the judgment of the District Court of Yauco was reversed on the ground that the findings of the district judge were not supported by the evidence introduced before him. This Court issued the writ of certiorari to review the aforesaid procedure.

Petitioner assigns the commission of three errors on the part of the Superior Court: (1) in concluding that the findings of fact of the District Court were not supported by the evidence presented at the trial; (2) in holding that the District Court did not have jurisdiction or authority to allow amendments to the complaint during the introduction of the evidence; and (3) in concluding that said court did not have before it sufficient evidence to support that the claimant workman was entitled to vacation.

■ As we said in *Garcia* v. *District Court,* 69 P.R.R. 142 (1948) : "Under the certiorari to review the decisions of

the lower court in these cases of claims for wages where the remedy of appeal granted by Act No. 10 of 1917 [repealed by Act No. 2 of 1961 (32 L.P.R.A. § § 3118–3132)], has been exhausted, it was not intended for this Court to decide whether the lower court erred in weighing the evidence, but rather, whether as a question of law, the evidence warrants the conclusion at which it may have arrived or whether, in the absence of evidence, said conclusion may be lawfully upheld."

■ There is a great variance in the case at bar between the allegations of the complaint and the evidence which was presented in court and between said evidence and the findings of the district judge. Rule 13.2 of the Rules of Civil Procedure of 1958 provides that "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice his action or defense." The Rules of Civil Procedure are applicable, insofar as they are not incompatible, to the cases of claims for wages for services rendered instituted under the summary proceeding formerly established by Act No. 10 of 1917 and now by Act No. 2 of 1961. See 32 L.P.R.A. § § 3102 and 3120; *Andino* v. *Fajardo Sugar Co.,* 82 P.R.R. 81, 87 (1961).

■ In the present case it was alleged in the complaint that the complainant was a cleanup man employed by defendant. However, evidence was admitted over the insistent objections of the defendant in the sense that the complainant was engaged in other activities as employee of the appellee. Although in cases where the complaint has been considered amended to conform it to the evidence introduced in the action said amendment is subject to the condition that evidence extraneous to the complaint must be admitted without objection on the part of the person against whom it is offered— *Doyle* v. *Polypane Packaging Co.*, 80 P.R.R. 218 (1958); *Betancourt* v. *U.S. Fidelity & Guaranty Co.*, 78 P.R.R. 618 (1955); *Arvelo* v. *Román*, 65 P.R.R. 699 (1946)—yet said complaint could be regarded amended if defendant, upon objecting, does not show to the satisfaction of the court that the admission of said evidence would prejudice his defense. From the Statement of the Case for Appeal prepared by the district judge it only appears that the objections were overruled and that the evidence in question was admitted. The record does not show that the appellee showed to the satisfaction of the court that the admission of said evidence and the subsequent amendment prejudiced his defense.

■ The district judge then concludes that the workman was a cleanup man and as such entitled to vacation pay. Considering only the evidence presented before the District Court, we find therein no basis to support the conclusion that Fraticelli was a cleanup man. On page 2 of the Statement of the Case for Appeal the claimant workman appears as testifying that "he was a warehouseman but never a sweeper." And on page 3 he again testifies on cross-examination: "That he spent about from ½ hour to 1 hour every day in doing the cleaning." Pursuant to § 644 of Mandatory Decree No. 42 (29 R.&R.P.R. § 245n-644) "cleanup man" is defined as "every employee who works exclusively or chiefly ... in the cleaning of the premises."

The rest of the evidence on this point was highly contradictory. The plaintiff workman presented as additional witnesses his brother-in-law, Juan Llaurador Pacheco, and another person by name José Francisco Lugo. Both testified confirming the variety of occupations of Fraticelli as defendant's employee to overrule the latter's contention that the plaintiff was a "chiripero." On the other hand, appellee's evidence in no way showed that Fraticelli was a "cleanup man" but, on the contrary, it tended to establish that he was *never* defendant's employee. Therefore, the Superior Court of Ponce did not err in deciding that the findings of fact of the District Court of Yauco were unsupported by the evidence.

■ Appellate courts must, as a general rule, in the light of Rule 43.1 of the Rules of Civil Procedure, respect the findings of fact of the courts of first instance. However, the same rule provides, and the authorities agree, that when a clear and manifest error has been committed on the part of the respondent court, its findings may be disturbed on appeal. *Sanabria* v. *Heirs of González*, 82 P.R.R. 851 (1961); *Palmer* v. *Barreras*, 73 P.R.R. 266 (1952); *Acosta* v. *Planning Board*, 71 P.R.R. 540 (1950); *Heirs of Ortiz* v. *Ramírez*, 68 P.R.R. 462 (1948); *Laboy* v. *Corp. Azucarera Saurí & Subirá*, 65 P.R.R. 397 (1945); *Calderón* v. *Cacho*, 62 P.R.R. 593 (1943); *cf. Comm'r of Education* v. *District Court; Feliciano, Int.*, 74 P.R.R. 307 (1953).

■ It is a well-settled doctrine that in cases of claims of wages the "employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." It was so stated in *Sierra* v. *Eastern Sugar Associates*, 71 P.R.R. 832 (1950) citing *Anderson* v. *Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

Nevertheless, what happened in this case is that the District Court committed the error of not conforming the plead-

ings to the evidence in its statement of the case, to the point of fixing, as the difference in wages, what corresponded to the vacations and ordered the appellee to pay for vacation the amount which corresponded to the difference in wages. Furthermore, it not only failed to fix the basis for computing the vacation, but it did not determine the difference in wages on the basis of the wages which correspond to the employees who are not messenger or cleanup men, according to Mandatory Decree No. 8 applicable to retail trade, the evidence having shown that Fraticelli was neither a messenger nor a cleanup man.

Although it is true that the findings of the District Court are not supported by the evidence and in that sense the first error assigned was not committed, it is no less true that it has been proved that Fraticelli has done work for which he has not been duly compensated. In that sense the next two errors were committed, for as we have shown, the court had authority under Rule 13.2 to admit evidence extraneous to the pleadings and conform the latter with the former, which is what actually happened, and furthermore, evidence was presented that during the alleged working period Fraticelli did not take vacations.

We must now fix the bases on which the claim should be computed. But first we believe it is necessary to discuss briefly defendant's motion to dismiss filed in the District Court on the ground that the complaint had been fragmented by reason of a previous declaratory judgment which involves the same facts, giving rise, therefore, to the defense of res judicata.

The doctrine of collateral estoppel bars relitigation in a subsequent suit between the same parties of the issues which were actually raised and really or necessarily litigated and adjudicated in the former suit. *Pereira* v. *Hernández*, 83 P.R.R. 156 (1961); *Cruz* v. *Ortiz*, 82 P.R.R. 802 (1961); *Tartak* v. *District Court; Cruz, Int.*, 74 P.R.R.

805 (1953); *Fuentes* v. *District Court; Fuentes, Int.*, 73 P.R.R. 893 (1952); *Long Corporation* v. *District Court*, 72 P.R.R. 737 (1951); Restatement, Judgments § 68; SCOTT, *Collateral Estoppel by Judgment*, 56 Harv. L. Rev. 1 (1942); 65 Harv. L. Rev. 840 (1952). By provision of § 1 of the Act for Declaratory Judgments (32 L.P.R.A. § 2991) said judgment shall have the force and effect of final judgments or decisions. In *Colón* v. *San Patricio Corporation*, 81 P.R.R. 236 (1959) it was said at p. 265: "However, the effect of a declaratory judgment with respect to subsequent controversies between the parties, by way of bar or merger, depends on the scope of the declaration of rights made in the declaratory judgment. A declaratory judgment is not final as to matters or facts which could have been adjudicated but which were not in fact the subject of a declaration in the said judgment." And in the same case it was said at footnote 7: "It should be noted that the doctrine of res judicata as respects declaratory judgments operates in a manner analogous to the doctrine of collateral estoppel, in ordinary cases."

 In the declaratory judgment rendered in the suit between Fraticelli and Vélez on May 2, 1958, it was proved that Fraticelli was an employee of the latter and therefore for this purpose the doctrine of res judicata applies. After this judgment the workman was free to bring an action claiming pay for vacation and unpaid wages. Precisely, he may use this declaratory judgment as the basis for obtaining the corresponding claim. In making such a claim the workman would not be splitting his cause of action, as defendant alleged in the District Court, citing the case of *Avellanet* v. *Porto Rican Express Co.*, 64 P.R.R. 660 (1945). This case is not applicable in view of the preceding discussion on the doctrine of res judicata and collateral estoppel.

Petitioner's claim is therefore modified in the following terms:

(1) The difference in wages should be computed on the basis of the regular wage rate since the petitioner did not present detailed and accurate evidence as to the extra hours worked. All that appears from the record is a statement of Fraticelli, on cross-examination, more or less vague, that he worked on Sundays and the 25 holidays of the year and some hours at nighttime whenever an employee was needed to "vacate" the warehouse without stating the years, the days, and the hours worked in excess of the regular working day, *Heirs of Meléndez v. Central San Vicente*, ante, p. 377; *Lebrón v. P.R. Ry., Lt. & P. Co.*, 78 P.R.R. 650 (1955). The salary owed in this case consists, therefore, in the difference between the salary fixed in Mandatory Decree No. 8 of $16.50 weekly, less:

(a) the weekly salary of $5 paid by defendant
(b) the difference in salary of six months in 1952 during which Fraticelli went to and remained in Ponce, and therefore did not work for Vélez.

(2) The difference in wages for the year 1951 would be barred because Fraticelli had ceased in his employment with Vélez during 1952 when he went away without any explanation, cf. *Rodríguez v. Eastern Sugar Associates*, 82 P.R.R. 563, 570 (1961); *Agostini v. Superior Court; P. R. Lighterage, Int.*, 82 P.R.R. 213 (1961); *Valiente & Cía. v. District Court*, 68 P.R.R. 491 (1948); *Jiménez v. District Court*, 65 P.R.R. 35 (1945), but this defense was not timely adduced by the appellee and, therefore, it is deemed waived. Rule 10.8 of the Rules of Civil Procedure of 1958; *Peña v. Eastern Sugar Associates*, 75 P.R.R. 288 (1953) (on reconsideration); *Hernández v. Caraballo*, 74 P.R.R. 27 (1952); *Fornaris v. Font*, 44 P.R.R. 580 (1933).

(3) The meals and lodging which Vélez calculated was worth 65 cents daily can not be added as compensation thereby reducing the difference of the salary in question, because this kind of compensation is void and can not be com-

puted as part of the salary. See 29 L.P.R.A. § 173; Article 10(a) of Mandatory Decree No. 8, 29 R.&R.P.R. § 245n-140; *Torres* v. *Perea*, 66 P.R.R. 164 (1946).

(4) The evidence showed that Fraticelli worked in the gathering of coffee in defendant's farm during the crops of the years covered by the claim, but it did not show what periods of time of each year were devoted to this work nor did petitioner make any allegation on this point which might allow us to lay down any basis for readjusting the difference of salary in that sense.

(5) The vacations which were not granted and left unpaid and are now claimed by petitioner should be computed in accordance with the provisions of Mandatory Decree No. 8, that is, at the rate of 1¼ working day for each month in which he worked not less than 120 hours, and he should also be paid twice the wage rate corresponding to the period in excess of the first two years. 29 R.&R.P.R. § 245n-138.

The judgment of the Superior Court, Ponce Part in this case reversing that of the District Court, Yauco Part, is hereby reversed and the case is remanded for further proceedings not inconsistent with this opinion.